IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHIE MONROE ALLEN, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:20-cv-01886-DMC<br><br><br><u>ORDER</u> |

　　　　　Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment has been entered.  Pending before the Court in this closed case is Plaintiff's counsel's motion for an award of fees and costs under the Equal Access to Justice Act (EAJA), ECF No. 24, counsel's supporting declaration, ECF No. 25, Defendant's opposition, ECF No. 26, counsel's reply, ECF No. 27, and supplement to counsel's reply, ECF No. 28.  In the initial motion, Plaintiff's counsel seeks an award of $10,745.26, representing $10,324.41 in attorney's fees plus $420.85 in costs.[1]  In the reply brief, counsel seeks an additional $986.16 in fees

---

[1]　　Counsel seeks compensation at varying rates, ranging from $207.78 per hour to $231.49 per hour.  See ECF No. 25-2.  Defendant raises no objections to the various hourly rates, which the Court finds reasonable as rates rose over the time period claimed.

1

associated with the EAJA motion, for a total award sought of $11,310.57 in fees plus $420.85 in costs.

### I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA

fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II. DISCUSSION

The Commissioner filed an opposition to Plaintiff's motion for fees and expenses under the EAJA. See ECF No. 26. The Commissioner opposes this motion under two specific arguments: (a) the requested attorney's fees are unreasonable, and (b) any fees awarded must be payable to Plaintiff if they are subject to the treasury offset program. Id. The Commissioner raises no argument concerning substantial justification and the Court finds that Plaintiff's position was substantially justified.

///

///

**A.     Reasonableness of Fees**

In support of his opposition to the reasonableness of fees, the Commissioner argues Plaintiff billed excessively for his work, and clerical tasks should not be compensated.

1. Excessive Hours Billed

Plaintiff's counsel billed 45.44 attorney hours, an amount Defendant believes is excessive of those generally billed in social security cases in district court. See ECF No. 26. Defendant first points to the brief twelve-page motion submitted by Plaintiff arguing two "run-of-the-mill" issues should not have taken excess of the typical range of hours. Id. Defendant then emphasizes that, starting February 2, 2022, through March 23, 2022, Plaintiff's counsel took twenty-six hours reviewing and indexing medical records. Id. Furthermore, Defendant alleges Plaintiff counsel stated "the medical evidence in this case [is] like most social security cases . . ." and was neither unique nor difficult. Id. Defendant then argues that Plaintiff's counsel's "block-billing [made] it impossible to discern why he spent 26 hours reviewing the record" when the summary of relevant medical evidence spanned just over one page, citing fewer than sixty pages. Id. The Commissioner did admit that the document was over 2,000 pages but argued that there were many blank pages. Id. Finally, Defendant contends that Plaintiff's counsel's argument that the time was justified because he did not represent Plaintiff prior to the appeal and was unfamiliar with the record is incorrect as Plaintiff's counsel provided a thorough chronological summary of the medical evidence at the hearing. Id.

The Court finds the Commissioner's arguments unpersuasive. While the Plaintiff's brief was only twelve pages in length, that is not properly correlated to how many documents there were to be reviewed. With a page count of over 2,100 pages, minus just over 60 blank pages, read within 26 hours, Plaintiff's Counsel's rate of review averages out to 1.3 pages a minute. It would be reasonable to believe that Plaintiff did actually expended 26 hours, if not more, to complete his review and index of the medical records. While this case may have contained "run-of-the-mill" issues, with a document review as extensive as this, the attorney hours submitted by Plaintiff are reasonable.

///

### 2. Clerical Tasks

The Commissioner argues that tasks that do not require legal training that are supposed to be reflected in the cost of business, should not be performed by the attorney, and should not be charged to the Commissioner. Id. The Commissioner broadly accuses Plaintiff's counsel of inflating the overall bill through six- to twelve-minute increments.

The Court does not find this argument compelling as there is a glaring lack of specificity. The Commissioner repeatedly cites case law holding that secretarial or docket tasks should not be approved. The Commissioner fails, however, to specify any grievance against this Plaintiff's counsel's billing and only makes broad assertions. As such, the Court does not find the Commissioner's argument to be supported.

### B. Payment Directly to Counsel

Plaintiff's motion requests payment of EAJA fees directly to counsel. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). Plaintiff's counsel furnished his agreement with Plaintiff providing he would be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff. See ECF No. 25-1. As the government has not challenged this assignment, it may still offset any of Plaintiff's debt, and may discretionally reject the assignment, EAJA fees will be made payable to counsel.

///

### III. CONCLUSION

Plaintiff's counsel has requested a total award sought of $11,310.57 in fees plus $420.88 in costs. As discussed above, the Court finds the requested fees and costs reasonable, and payment directly to Counsel appropriate. Plaintiff, therefore, be awarded a total of $11,310.57 in fees and $420.88 in costs, for a total of $11,731.42, which award shall be made payable to Plaintiff's counsel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's counsel's motion for award of fees under the EAJA, ECF No. 24, is GRANTED.

2. Plaintiff is awarded $11,310.57 in fees plus $420.88 in costs, for a total of $11,731.42, payable to Plaintiff's counsel subject to any offset of debts.

Dated: February 1, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE